# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2011

No. 10-50785
c/w No. 10-50792
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO SANCHEZ-JAIMES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1150-1
USDC No. 2:10-CR-438-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antonio Sanchez-Jaimes pleaded guilty to one count of unlawful reentry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced him to 70 months in prison, within the guidelines range of 70 to 87 months. The court also separately revoked a term of supervised release and imposed a concurrent sentence of 12 months. Sanchez-Jaimes now appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez-Jaimes contends that § 2L1.2 of the United States Sentencing Guidelines leads to double-counting of criminal history, is not empirically based, and results in excessive sentences; that the age of the 1998 drug conviction used to enhance his sentence renders his sentence unreasonable; that his sentencing range overstates the seriousness of his illegal reentry offense, which he asserts is simply an international trespass; that his criminal history involves minor, nonviolent offenses; and that the district court did not take into account his history and characteristics, including his motive for reentering and his familial ties to the United States. We review sentences for reasonableness, employing a deferential abuse-of-discretion standard, and we presume that a sentence within a properly calculated guidelines range is reasonable. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

The purported double-counting and lack of empirical basis for § 2L1.2 do not necessarily render a within-guidelines sentence unreasonable. *See, e.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We likewise see no abuse of discretion in the court's rejection of Sanchez-Jaimes's contention that unlawful reentry—a federal felony carrying significant criminal penalties—is merely an international trespass, nor do we discern any improper weighing of the other factors cited by Sanchez-Jaimes, including his personal history and characteristics. *See Cooks*, 589 F.3d at 186. In short, the district court considered Sanchez-Jaimes's arguments, the facts of the case, and the appropriate statutory sentencing factors before concluding that a within-guidelines sentence was appropriate. That determination is owed deference, and Sanchez-Jaimes's mere disagreement with the court's assessment of those factors is insufficient to rebut the presumption that the sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

No. 10-50785
c/w No. 10-50792

As Sanchez-Jaimes properly concedes, his contention that because § 2L1.2 is not empirically based, the presumption of reasonableness should not apply, is foreclosed. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009). As he further admits, his argument that the lack of a "fast-track" disposition program in the Western District of Texas creates an unwarranted sentencing disparity is also foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).

Finally, Sanchez-Jaimes raises no claims of error with respect to the revocation proceeding or the revocation sentence. Thus, he has abandoned any issues on appeal regarding the revocation judgment. *See United States v. Willingham*, 310 F.3d 367, 371 (5th Cir. 2002).

For the foregoing reasons, the judgments of the district court are AFFIRMED.